**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| **JOHN F. FORTWENDEL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CAUSE NO.  3:06-CV-152 AS** |
| **v.** | ) | |
| | ) | |
| **JOHN R. VanNATTA,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

***OPINION AND ORDER***

John F. Fortwendel, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right

> acted under color of state law.  These elements may be put forth in
> a short and plain statement of the claim showing that the pleader is
> entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on
> a motion to dismiss, no more is required from plaintiff's allegations
> of intent than what would satisfy Rule 8's notice pleading minimum
> and Rule 9(b)'s requirement that motive and intent be pleaded
> generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Fortwendel alleges that he was denied medical treatment. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Mr. Fortwendel names only two people as defendants: Chadd Barr, a healthcare administrator; and John VanNatta, the superintendent of the prison. Neither of these defendants are healthcare providers or medical experts. He also alleges that he was seen by several doctors or nurses.

> If a prisoner is under the care of medical experts a non-medical
> prison official will generally be justified in believing that the prisoner
> is in capable hands. This follows naturally from the division of labor
> within a prison. Inmate health and safety is promoted by dividing
> responsibility for various aspects of inmate life among guards,
> administrators, physicians, and so on. Holding a non-medical prison
> official liable in a case where a prisoner was under a physician's care
> would strain this division of labor.

*Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (ellipsis omitted) *citing Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004).

Furthermore, Mr. Fortwendel does not allege that either of these defendants knew anything about his physical condition or medical care. He does not allege and, based on this complaint it would not be reasonable to infer, that either were personally involved in his treatment. "The doctrine of respondeat superior can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations and quotation marks omitted).

Finally, it is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must

3

have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

For the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

**ENTERED: July   28  , 2006**

<div style="margin-left:40%">

**S/ ALLEN SHARP**
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**

</div>

4